UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BRATT,<br><br>                            Plaintiff,<br><br>v.<br><br>CARLSBAD POLICE DEPARTMENT, CARLSBAD COMMUNITY THEATRE, and DOES 1-100,<br><br>                            Defendants. | Case No.: 24-CV-1295 JLS (BLM)<br><br>**ORDER GRANTING DEFENDANT CITY OF CARLSBAD'S MOTION TO DISMISS**<br><br>(ECF No. 2) |

Presently before the Court are Defendant City of Carlsbad's (the "City") Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 2), the City's Memorandum of Points and Authorities in support thereof ("Mem.," ECF No. 2-1), and Plaintiff Bryan Bratt's Response ("Resp.," ECF No. 4) thereto. As the Court indicated it would, *see* ECF No. 3, the Court now takes this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).[1] Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1-3), the Parties' arguments, and the law, the Court now **GRANTS** the Motion.

---

[1] Upon review of the Parties' submissions, the Court finds a reply brief would not aid the Court in ruling on the instant Motion. The Court thus **VACATES** Defendant's filing deadline and decides the Motion on the papers already presented. *See, e.g.*, *Nalco Co. LLC v. Carota*, No. 2:21-CV-04142-MEMF-(SHKx), 2022 WL 2189361, at *6 n.2 (C.D. Cal. Mar. 22, 2022) ("Courts have regularly found no error where a party was nonetheless not provided the opportunity to file a reply brief in support of a motion.").

**BACKGROUND**

In June of 2019, Plaintiff "planned a peaceful protest" after Defendant Carlsbad Community Theatre ("CCT") made a decision that "unfairly cast [Plaintiff] in a negative light." Compl. ¶ 2. On June 24—just days before the scheduled protest—Defendant Carlsbad Police Department ("Carlsbad PD") allegedly sent Plaintiff a "cease and desist directive" ("Directive"). *Id.* ¶ 17. The Directive purportedly ordered Plaintiff not to go through with the protest and threatened him with legal consequences. *Id.* When Plaintiff asked Carlsbad PD about the Directive, "the department informed him that they had no record of the incident." *Id.* ¶ 18. Paradoxically, however, Carlsbad PD was able to "discuss the specifics of the situation when pressed." *Id.* Later, representatives from Carlsbad PD supposedly told Plaintiff that "they typically do not issue cease and desist orders." *Id.* ¶ 21. Plaintiff was never afforded a hearing to contest the basis of the Directive. *Id.* ¶ 20. Plaintiff alleges the foregoing events led to his "social and professional ostracism," thereby harming him emotionally and economically. *See id.* ¶ 22.

Plaintiff, proceeding pro se, initially filed his Complaint in the Superior Court of California, County of San Diego, on June 17, 2024. *Id.* at 1.[2] The Complaint contains six causes of action, including: (1) a 42 U.S.C. § 1983 claim for violations of his federal constitutional free speech and due process rights; (2) a negligence claim; (3) a claim for intentional infliction of emotional distress ("IIED"); (4) a claim for the deprivation of civil rights guaranteed by the California Constitution; (5) an abuse of process claim; and (6) a claim for negligent infliction of emotional distress ("NIED"). *See id.* ¶¶ 23–53. Plaintiff seeks, among other things, a declaratory judgment, compensatory and punitive damages, and a permanent injunction prohibiting Defendants from violating Plaintiff's constitutional rights further. *See id.* at 14–15.

/ / /

---

[2] Citations to specific pages in the Complaint refer to the blue CM/ECF page numbers electronically stamped across the top margin of the document.

The City removed this action to federal court on July 25, 2024.[3] *See generally* Notice of Removal ("NOR"), ECF No. 1. The City asserted federal question jurisdiction based on Plaintiff's § 1983 claim and supplemental jurisdiction as to his remaining causes of action. *Id.* at 1–2. The City's Motion followed on August 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting

---

[3] The City claims Plaintiff erroneously sued Carlsbad PD and should have named the City. Mem. at 1.

Fed. R. Civ. P. 8(a)(2)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court applies its "judicial experience and common sense." *Id.* (citation omitted). "[A] district court must accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) review, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . could cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

The City moves to dismiss Plaintiff's state and federal claims on separate but related bases. First, the City challenges the Complaint's state-law causes of action by citing the California Government Claims Act ("GCA"). Thereafter, the City argues Plaintiff's § 1983 claim is time-barred and fails under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). The Court addresses each argument in turn.[4]

### I.  Government Claims Act

The GCA requires "a plaintiff seeking damages from a public entity or its employees" to "present a claim to the entity before filing suit in court." *I.S. v. Riverside Unified Sch. Dist.*, No. EDCV 23-1505 JGB (SHKx), 2023 WL 11877256, at *4 (C.D. Cal. Sept. 7, 2023); *see also* Cal. Gov't Code. § 945.4. Personal injury claims must generally be presented "no later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2. Failing to plead compliance with this aspect of the GCA is grounds for dismissal pursuant to Rule 12(b)(6). *See, e.g.*, *Mangold v. Cal. Pub. Utils. Comm'n*,

---

[4] As the Court's consideration of these issues proves decisive, the Court need not address the other grounds for dismissal raised in the Motion.

67 F.3d 1470, 1477 (9th Cir. 1995) ("Where compliance with the [GCA] is required, the plaintiff must allege compliance or circumstances excusing compliance . . . ." (quoting *Snipes v. City of Bakersfield*, 193 Cal. Rptr. 760, 762 (Ct. App. 1983))); *I.S.*, 2023 WL 11877256, at *4 ("Federal courts require compliance with the GCA, and failure to do so precludes a plaintiff from bringing claims under California law against a public entity or public employee." (citing *Hacienda La Puente Unified Sch. Dist. of L.A. v. Honig*, 976 F.2d 487, 495 (9th Cir. 1992))).

The City argues (1) Plaintiff's state-law claims must be dismissed for his failure to plead compliance with the presentment and timing requirements of the GCA, and (2) amendment of the Complaint would be futile.

The Court agrees with the City's first contention but rejects the second. The Complaint is devoid of allegations suggesting Plaintiff complied with the GCA, and Plaintiff's Response is equally silent on the matter. This alone sinks the Complaint.[5] Plus, the City's alternative argument—that Plaintiff's state-law claims would be untimely even had he heeded the GCA's other commands, Mem. at 5—has weight.[6] But statutes of limitations, including those applicable to the GCA, may be tolled under certain circumstances. *See J.M. v. Huntington Beach Union High Sch. Dist.*, 389 P.3d 1242, 1249

---

[5] *See Rogers v. City of San Francisco*, No. 23-CV-04997-JCS, 2024 WL 813444, at *3 (N.D. Cal. Feb. 23, 2024) ("Plaintiff does not allege . . . that he timely presented a claim to the City . . . . Therefore, . . . his IIED claim fails to state a claim . . . ."); *Buckelew v. Gore*, No. 20-CV-00158-WQH-JLB, 2020 WL 4188166, at *14 (S.D. Cal. July 21, 2020) ("The Complaint, however, does not allege compliance with the [GCA], and therefore, fails to state a claim for general negligence and intentional tort . . . ."), *report and recommendation adopted*, 2020 WL 5257845 (S.D. Cal. Sept. 3, 2020); *Garcia v. Blahnik*, No. 14CV00875-LAB BGS, 2015 WL 3888216, at *5 (S.D. Cal. June 22, 2015) ("The fact that Plaintiff's claims are alleged under the California Constitution as opposed to traditional tort claims does not excuse Plaintiff from complying with the [GCA].").

[6] Generally, a plaintiff must file suit against a public entity (1) within six months of receiving written notice denying her claim from the entity; or (2) if no such notice arrives, "within two years from the accrual of the cause of action." Cal. Gov't Code § 945.6(a)(1)–(2). "Accrual of the cause of action for purposes of the [GCA] is the date of accrual that would pertain under the statute of limitations applicable to a dispute between private litigants." *Shirk v. Vista Unified Sch. Dist.*, 164 P.3d 630, 634 (Cal. 2007). Here, Plaintiff's causes of action—as alleged in the Complaint—accrued in 2019. *See infra* Section II.A.1.

(Cal. 2017). And other considerations discussed in greater depth below counsel against denying Plaintiff an opportunity to salvage his Complaint. *See infra* Section III.

Accordingly, the Court **DISMISSES** Plaintiff's state-law claims (Counts Two through Six of the Complaint) pursuant to Rule 12(b)(6) with leave to amend.

## II.   Section 1983

Next, the City attacks Plaintiff's federal 42 U.S.C. § 1983 claim. To prevail on a claim for violation of constitutional rights under § 1983, a plaintiff must ultimately prove two elements: (1) that a person acting under color of state law committed the conduct at issue; and (2) that the conduct deprived the claimant of some right, privilege, or immunity conferred by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). The City raises timeliness and *Monell* arguments, both of which have merit.

### A.   *Statute of Limitations*

The City contends Plaintiff's § 1983 claim is barred by the applicable statute of limitations. Mem. at 5–6. To evaluate this argument, the Court must determine (1) when his cause of action accrued; (2) what statute-of-limitations period applied; and (3) "whether tolling applies to save otherwise stale claims." *Mitchell v. City of Los Angeles*, No. CV 06-07704 GAF (RZ), 2007 WL 9759354, at *1 (C.D. Cal. Apr. 24, 2007), *report and recommendation adopted*, 2007 WL 9759346 (C.D. Cal. July 18, 2007), *aff'd*, 299 F. App'x 719 (9th Cir. 2008). In undertaking this analysis, the Court remains mindful of the fact that "statutes of limitations are affirmative defenses, not pleading requirements." *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Accordingly, Plaintiff's § 1983 claim can be dismissed pursuant to Rule 12(b)(6) on statute of limitations grounds "only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

/ / /

### *1.     Cause-of-Action Accrual and Applicable Limitations Period*

The City argues (1) Plaintiff's § 1983 cause of action accrued when he allegedly received the Directive (June 24, 2019); and (2) a two-year statute-of-limitations period applies. Mem. at 5. Plaintiff does not contest or otherwise address either point, which is itself reason to accept the City's position. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (quoting *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011))). In any event, the Court reaches the same conclusions as the City.

As currently alleged, Plaintiff's federal cause of action accrued on June 24, 2019.[7] Under federal law—which applies to this question—"a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Jones v. Cnty. of San Diego*, No. 20CV1989-GPC(DEB), 2022 WL 3084588, at *3 (S.D. Cal. Aug. 2, 2022) (citing *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004)). As a result, "[a]n action ordinarily accrues on the date of the injury." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012). And here, Plaintiff's § 1983 claim is explicitly premised on the theory that Carlsbad PD violated his constitutional free speech and due process rights *by issuing the Directive* on June 24, 2019. Compl. ¶¶ 25–26. In other words, Plaintiff had reason to know of his alleged constitutional injuries when receipt of the Directive caused them.

The Court also agrees that a two-year statute of limitations applies. "Because 42 U.S.C. § 1983 does not contain its own statute of limitations, a federal court must borrow the statute of limitations applicable to personal injury claims in the forum state." *Mitchell*, 2007 WL 9759354, at *2. "The statute of limitations for personal injury actions under California law is two years." *Jones*, 2022 WL 3084588, at *3 (citing Cal. Civ. Proc.

---

[7] Though vague and unfocused, Plaintiff's Response at times appears to suggest that the events at issue took place over a longer period than the Complaint suggests. *See* Resp. at 2.

Code § 335.1); *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting "a § 1983 action filed in California" would "clearly be governed" by the "two-year statute of limitations for personal injury actions").

### 2. Tolling

Without explicitly acknowledging the question of tolling, the City asserts that the Complaint's statute-of-limitations problem cannot be overcome. *See* Mem. at 5–6.

In cases like this one, federal courts apply California tolling rules. *See, e.g.*, *Jones*, 2022 WL 3084588, at *5. No Party has raised the possibility of statutory tolling, so the Court examines only its equitable cousin. In California, equitable tolling "reliev[es] [a] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." *Addison v. State*, 578 P.2d 941, 943 (Cal. 1978). More specifically, "tolling is appropriate where the record shows '(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137–38 (9th Cir. 2001) (quoting *Collier v. City of Pasadena*, 191 Cal. Rptr. 681, 685 (Ct. App. 1983)).

The City's argument is again persuasive. As with the other issues raised in the Motion, Plaintiff fails to comment on this topic. *See generally* Resp. In fact, one could reasonably read Plaintiff's Response to *concede* that filing this suit was not a viable way to redress his grievances. *See* Resp. at 2 ("At the end of the day there was a conflict that I was a part of and[,] potentially[] naively, I tried to bring understanding to the situation using what I thought was a legal question and legal actions."). And Plaintiff's failure to allege compliance with the GCA strongly suggests he did not pursue some other legal remedy that might have opened the door to equitable tolling.

### 3. Conclusion

Because Plaintiff's allegations establish that his § 1983 claim accrued in 2019, this action did not commence until nearly five years later, and nothing in Plaintiff's filings

suggests that he disagrees with the City nor that tolling might apply, the Court concludes "the running of the statute is apparent on the face of the [C]omplaint." *Von Saher*, 592 F.3d at 969 (quoting *Huynh*, 465 F.3d at 997); *see also Chang v. McKesson HBOC, Inc.*, No. C07-03981 MJJ, 2007 WL 2789426, at *3 (N.D. Cal. Sept. 20, 2007) ("Plaintiff does not contest Defendant's asserted statutes of limitations . . . , nor does Plaintiff argue that the relevant statutory periods have not expired.  Therefore, this Court agrees that on the face of the Complaint, the statutes of limitations for all of Plaintiff's . . . causes of action have expired.").

Consequently, the Court **DISMISSES** the Plaintiff's § 1983 claim.[8]  As this dismissal is with leave to amend, however, the Court will also address the City's *Monell* argument for efficiency's sake.

### B.    Monell *Liability*

Alternatively, the City moves to dismiss the Complaint's § 1983 claim on the ground that Plaintiff "has not alleged the necessary elements for municipal liability."  Mem. at 7.

Under *Monell*, a municipality can be held liable under § 1983 only if a plaintiff ultimately proves "(1) [he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) 'the policy is the moving force behind the constitutional violation.'"  *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).  The "policy"

---

[8] *See, e.g.*, *Redick v. Lowe's Home Centers*, LLC, No. 1:21-CV-0979-SAB, 2021 WL 3207250, at *4 (E.D. Cal. July 29, 2021) (granting motion to dismiss on statute-of-limitations grounds where plaintiff "d[id] not contest any of the dates presented" in defendant's motion, plaintiff "provided no reason to toll the statute of limitations," and "there [were] no facts on the face of the Complaint that suggest[ed] to the Court that the limitations period should be tolled"); *Pour v. Wells Fargo Bank*, No. 20-CV-02447 SBA, 2020 WL 12893826, at *4 (N.D. Cal. Dec. 1, 2020) ("It is within the Court's authority to grant the motion to dismiss as essentially unopposed, given that Plaintiff fails to address any of Defendant's arguments in favor of dismissal."); *Crosbie v. W. Progressive, LLC*, No. CV 18-494-MWF (SSX), 2018 WL 6133411, at *4 (C.D. Cal. May 2, 2018) ("Plaintiff fails to address any of these arguments, which is alone a basis for granting the Motion and dismissing this action." (emphasis omitted)).

requirement—which applies to Plaintiff's claims for damages and equitable relief[9]—is satisfied where the constitutional injury resulted from "(1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker." *Ofodrinwa v. Kizzar*, No. 3:24-CV-00463-HZ, 2024 WL 3510963, at *5 (D. Or. July 23, 2024) (citing *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003)).

The City is right again. The Complaint contains no facts hinting at the existence of any municipal policy. Indeed, Plaintiff's allegations point the opposite direction. *See* Compl. ¶ 21 (alleging Carlsbad PD representatives "acknowledged that they typically do not issue cease and desist orders" and noting this "suggests a deviation from standard police procedures"). The Complaint thus fails to state a claim for *Monell* liability. *See, e.g.*, *Morris v. City of Los Angeles,* No. 2:22-CV-09277-ODW (MRWx), 2023 WL 6157306, at *4 (C.D. Cal. July 26, 2023) (dismissing *Monell* claim where plaintiff "fail[ed] to allege any facts showing the existence of a policy").

**III.   Leave to Amend**

The City invites the Court to dismiss the Complaint without leave to amend. In light of Plaintiff's pro se status and the nascency of this action, however, the Court declines. Courts "have an obligation to construe the pleadings liberally when the petitioner is pro se, particularly in civil rights cases." *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 745 n.1 (9th Cir. 1986). Here, though Plaintiff has yet to meaningfully push back against the City's challenges, his Response could *generously* be read as an attempt to supplement and/or clarify the allegations in his Complaint. *See generally* Resp. This gesture is not without meaning, because "[u]nless it is *absolutely clear* that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*,

---

[9] *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36–37 (2010) ("[C]laims for prospective relief, like claims for money damages, fall within the scope of [*Monell*'s] 'policy or custom' requirement.").

66 F.3d 245, 248 (9th Cir. 1995) (emphasis added).  So, though his path to a viable claim appears narrow, the Court will grant Plaintiff an opportunity to amend his Complaint.

## CONCLUSION

For the reasons above, the Court **GRANTS** the City's Motion (ECF No. 2) and **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**.  Plaintiff thus has thirty (30) days' leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above.  Any amended complaint must be complete in and of itself without reference to the original Complaint.  See S.D. Cal. CivLR 15.1.  Claims not realleged in the amended complaint will be considered waived.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived").  ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this action***.  See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  August 19, 2024

Hon. Janis L. Sammartino
United States District Judge