1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRYAN BRATT,

                                    Plaintiff,

v.

CARLSBAD POLICE DEPARTMENT,
CARLSBAD COMMUNITY THEATRE,
and DOES 1-100,

                                    Defendants.

Case No.: 24-CV-1295 JLS (BLM)

**ORDER GRANTING IN PART AND
DENYING IN PART AS MOOT
DEFENDANT CITY OF
CARLSBAD'S MOTION TO
DISMISS AND DEFENDANT
PATRONS OF THE ARTS
FOUNDATION DBA CARLSBAD
COMMUNITY THEATER'S
MOTION TO DISMISS**

(ECF Nos. 10, 11)

Presently before the Court are Defendant City of Carlsbad's (the "City") Motion to Dismiss Plaintiff's First Amended Complaint ("City Mot.," ECF No. 10), the City's Memorandum of Points and Authorities in support thereof ("City Mem.," ECF No. 10-1), and Defendant Patrons of the Arts Foundation dba Carlsbad Community Theater's ("CCT") Motion to Dismiss ("CCT Mot.," ECF No. 11). Plaintiff Bryan Bratt ("Plaintiff") filed a single Opposition, purportedly to both Motions ("Opp'n," ECF No. 13), to which only the City filed a Reply ("City Reply," ECF No. 16). The Court took both Motions under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF

No. 15.

Having carefully considered Plaintiff's First Amended Complaint ("FAC," ECF No. 8), the Parties' arguments, and the law, the Court now **GRANTS IN PART AND DENIES IN PART AS MOOT** the Motions.

## BACKGROUND

### I.    Procedural Background

Plaintiff, proceeding *pro se*, initially filed his Complaint in state court on June 17, 2024, naming Carlsbad Police Department ("Carlsbad PD"), CCT, and DOES 1–100 as Defendants. *See* ECF No. 1-3 ("Compl."). The City subsequently removed the case, asserting federal question jurisdiction based on Plaintiff's 42 U.S.C. § 1983 claim and supplemental jurisdiction as to his remaining causes of action.[1] ECF No. 1 ("Notice of Removal") at 1–2. Plaintiff's Complaint alleged that he "planned a peaceful protest" after CCT made a decision that "unfairly cast [Plaintiff] in a negative light." Compl. ¶ 2. On June 24—just days before the scheduled protest— Carlsbad PD allegedly sent Plaintiff a "cease and desist directive." *Id.* ¶ 17. The directive purportedly ordered Plaintiff not to go through with the protest and threatened him with legal consequences. *Id.* When Plaintiff asked Carlsbad PD about the directive, "the department informed him that they had no record of the incident." *Id.* ¶ 18. Paradoxically, however, Carlsbad PD was able to "discuss the specifics of the situation when pressed." *Id.* Later, representatives from Carlsbad PD supposedly told Plaintiff that "they typically do not issue cease and desist orders." *Id.* ¶ 21. Plaintiff was never afforded a hearing to contest the basis of the directive. *Id.* ¶ 20. Plaintiff alleges the foregoing events led to his "social and professional ostracism," thereby harming him emotionally and economically. *See id.* ¶ 22. Plaintiff sought, among other things, a declaratory judgment, compensatory and punitive damages, and a permanent injunction prohibiting Defendants from violating Plaintiff's constitutional rights further. *See id.*

---

[1] The City claims Plaintiff erroneously sued Carlsbad PD and should have named the City. City Mem. at 1.

at Prayers/Submissions.

The City then filed a Motion to Dismiss, *see* ECF No. 2, which the Court granted on August 19, 2024, *see* ECF No. 6 ("Order").  Specifically, the Court found Plaintiff's state law claims were subject to dismissal as Plaintiff failed to plead compliance with the presentment and timing requirements of the California Government Claims Act.  Order at 4–6.  Next, the Court found Plaintiff's § 1983 claim was subject to dismissal as it was untimely, and Plaintiff had failed to sufficiently plead municipal liability.  *Id.* at 6–10.  However, in light of Plaintiff's *pro se* status, the Court granted him an opportunity to amend his Complaint.  *Id.* at 10–11.

CCT then filed a Motion to Dismiss Plaintiff's Complaint.  ECF No. 7.  Plaintiff filed his FAC thereafter.  *See* FAC.  Consequently, the Court denied CCT's Motion as moot in light of the newly amended complaint.  *See* ECF No. 9.  The City and CCT then each filed the instant Motions to Dismiss Plaintiff's FAC.  *See* City Mot.; *see also* CCT Mot.

## II.    Factual Allegations in the FAC

Plaintiff's FAC alleges that on or about June 2019, he engaged "in peaceful organizational activities aimed at protesting decisions made by [CCT], which he believed to be discriminatory and exclusionary."  FAC ¶ 15.  He purportedly planned a "peaceful protest near the premises of CCT[,]" *id.* ¶ 15, then, on or about July 30, 2019, received a phone call "from an individual claiming to be an officer of Defendant Carlsbad [PD]," informing him that "he must cease and desist his protest activities immediately or face legal action," *id.* ¶ 16.  This caused him to cancel the planned protest, *id.*, yet when he later contacted Carlsbad PD and inquired about the "cease and desist directive" ("Directive"), he was informed "the department had no record of such a directive being issued."  *Id.* ¶ 17.  Despite such representation, Carlsbad PD officials, "when pressed, discussed specifics of the situation which contradicted their earlier statements about the absence of such a directive."  *Id.* ¶ 18.  Plaintiff alleges the foregoing events led to his ostracization within his professional and social communities, "resulting in a loss of employment at both Uber and SeaWorld, where employers cited concerns over legal troubles and Plaintiff's safety in

1  continuing employment (more or less)." *Id.* ¶ 19.

2      Plaintiff alleges he was "reminded indirectly through third parties associated with

3  CCT and direct communications from Carlsbad PD to refrain from discussing the incident

4  or attending events, perpetuating the initial misinformation and causing ongoing emotional

5  and social harm to Plaintiff." *Id.* ¶ 20.  Plaintiff then "discovered inconsistencies in

6  Carlsbad PD's statements which led him to believe that the directive was not only

7  improperly issued but was also part of a broader effort by CCT and Carlsbad to silence and

8  penalize him without due cause." *Id.* ¶ 21.  And in May 2025, he "uncovered evidence

9  strongly suggesting that the cease and desist order purportedly issued by [Defendant

10  Carlsbad PD] was a fabrication." *Id.* ¶ 22.  Plaintiff further alleges his "realization and

11  response to the fraudulent nature of the order" was delayed because of the "years of

12  sustained manipulation and suppression" he endured.  *Id.*

13      Next, Plaintiff alleges Defendants "continued to enforce the non-existent cease and

14  desist directive through informal channels." *Id.* ¶ 24.  He avers that there is a "strong

15  indication that Defendants did not communicate the issuance of the cease and desist

16  directive to the appropriate city authorities." *Id.* ¶ 25.  And he suggests the Directive is

17  still in place because he was recently "ejected from a show" at Luminary Arts under

18  "dubious pretenses." *Id.* ¶ 26. And finally, Plaintiff indicates a "notice of claim was mailed

19  to the city on 8/28/24." *Id.* ¶ 15.

20      Plaintiff brings causes of action for: (1) violation of 42 U.S.C. § 1983 against the

21  City only; (2) intentional infliction of emotional distress ("IIED") against all Defendants;

22  (3) negligent infliction of emotional distress ("NIED") against all Defendants; (4) abuse of

23  process against all Defendants; (5) discrimination against CCT; (6) violation of  the

24  California Civil Code against all Defendants; (7) breach of contract against CCT; (8)

25  retaliation against all Defendants; (9) gross negligence and malice against all Defendants;

26  and (10) failure to train against the City.  *See generally id.*

27      Plaintiff seeks compensatory damages, declaratory judgments that his constitutional

28  rights were violated, an injunction prohibiting Defendants from further violations of the

law, and restitution in the form of "reinstatement of Plaintiff to his positions or roles within the community or at [CCT], if feasible." *Id.* at Prayers/Submissions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court applies its "judicial experience and common sense." *Id.* (citation omitted). "[A] district court must accept as true all facts alleged in the complaint" and "draw all reasonable inferences in

favor of the plaintiff."  *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)).  Where a complaint does not survive 12(b)(6) review, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . could cure the deficiency."  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Plaintiff's FAC now appears to allege three federal claims against the City, and two against CCT.  As to the City, Plaintiff's FAC alleges a § 1983 claim in his First Cause of Action, a federal retaliation claim in his Eighth Cause of Action,[2] and a failure to train claim in his Tenth Cause of Action.  As for CCT, Plaintiff alleges discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") in his Fifth Cause of Action, as well as federal retaliation in his Eighth Cause of Action.

Plaintiff's remaining claims assert violations of state law.  As to the City, Plaintiff asserts six claims under California state law: (1) intentional infliction of emotional distress in the Second Cause of Action; (2) negligent infliction of emotional distress in the Third Cause of Action; (3) abuse of process in the Fourth Cause of Action; (4) violation of the California Civil Code in the Sixth Cause of Action; (5) retaliation under state law in the Eighth Cause of Action; (6) and gross negligence and malice in the Ninth Cause of Action.

With respect to CCT, Plaintiff alleges the same violations of California law, with the addition of a state law claim for discrimination in his Fifth Cause of Action, and state law claim for breach of contract in his Seventh Cause of Action.  The Court first addresses whether Plaintiff has stated a federal claim against either the City or CCT.

---

[2] The FAC does not point to any legal authority for Plaintiff's "retaliation" claim in his Eighth Cause of Action, but as he alleges Defendants' actions "constitute retaliation under both federal and state employment and civil rights laws," FAC ¶ 89, the Court liberally construes this cause of action as an attempt to state both state and federal retaliation claims.

1 | **I.**    **The FAC's Federal Claims**

2 |     **A.**    ***First and Tenth Causes of Action—Section 1983 and Failure to Train***

Plaintiff first alleges § 1983 claims on the bases that Carlsbad PD violated his First Amendment right to free speech by issuing the Directive, and his Fourth Amendment right to due process, by failing to provide him an opportunity to contest the Directive. FAC ¶¶ 35, 38, 39.

To prevail on a claim for violation of constitutional rights under § 1983, a plaintiff must ultimately prove two elements: (1) that a person acting under color of state law committed the conduct at issue; and (2) that the conduct deprived the claimant of some right, privilege, or immunity conferred by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

As before, the City argues Plaintiff fails to state a § 1983 claim under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 US 658, 690 (1978). *See* City Mem. at 8–9. Plaintiff did not respond to this argument in his Opposition, and the Court, again, agrees with the City.

A municipal entity may not be liable under Section 1983 unless it "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or has a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels" that causes a constitutional harm. *Monell*, 436 U.S. at 690–91. To state a *Monell* claim, a plaintiff must allege: (1) the plaintiff was deprived of a federal constitutional right; (2) the local government entity had a policy; (3) the policy amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

To "withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts[,] or habits.'" *Bedford v. City of Hayward*, No. 3:12-cv-00294-JCS, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (citation omitted). "*Monell*

allegations must be [pled] with specificity[.]"  *Galindo v. City of San Mateo*, No. 16-cv-03651-EMC, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016).

Here, Plaintiff's FAC does not point to any specific policy or custom by the City that amounted to deliberate indifference of his constitutional rights and caused the constitutional harm underlying his alleged § 1983 claims in his First Cause of Action.  The Court notes that Plaintiff does, however, plead a Tenth Cause of Action against the City for "failure to train."  A policy of failing to train municipal employees adequately that caused a constitutional violation could support *Monell* liability, if it amounts to a policy of deliberate indifference, as in, "if the need to train was obvious and the failure to do so made a violation of constitutional rights likely."  *Dougherty*, 654 F.3d at 900; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989).  Deliberate indifference may be shown through evidence of a "failure to investigate and discipline employees in the face of widespread constitutional violations."  *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 803 (9th Cir. 2018) (citation omitted).

To the extent the Court could construe Plaintiff's Tenth Cause of Action as an attempt to plead municipal liability under § 1983 pursuant to a failure to train theory, Plaintiff's failure to train allegations are conclusory and not sufficiently specific to support a *Monell* claim.  For instance, Plaintiff alleges Carlsbad PD "inadequately train[ed] and supervis[ed] its officers," and the "failure to train and supervise constitutes deliberate indifference to the rights of those with whom the police officers interact."  FAC ¶¶ 100, 101.  Such allegations are "formulaic recitations of the existence of unlawful policies, conducts[,] or habits," *Bedford*, 2012 WL 4901434, at *12 (citation omitted), and "of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which are insufficient to state a *Monell* claim.

Accordingly, the Court agrees with the City that Plaintiff has failed to state a § 1983 claim under *Monell*, including under a failure to train theory.  Accordingly, the Court **GRANTS** the City's Motion to Dismiss Plaintiff's First and Tenth Causes of Action.

/ / /

### B.    Fifth Cause of Action—Title VII

Next, to the extent Plaintiff seeks to plead a Title VII claim within his Fifth Cause of Action against CCT, the Court agrees Plaintiff has failed to state such a claim.  Title VII broadly prohibits an employer from discriminating on the basis of "race, color, religion, sex, or national origin" and from "'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (quoting 42 U.S.C. § 2000e-3(a)).

CCT argues Plaintiff fails to allege any non-conclusory allegations connecting CCT to his alleged harm; rather the FAC indicates his damages were caused by Carlsbad PD's alleged Directive.  CCT Mot. at 5–6.  And, CCT argues, there are no factual allegations that CCT took part in causing Carlsbad PD to send the Directive to Plaintiff.  *Id.* at 6.

The Court agrees.  While Plaintiff alleges he was discriminated against by CCT through exclusion from participating in theater activities and performances because of his "protected activity of organizing and attempting to engage in a peaceful protest against perceived discriminatory practices by CCT," he does not explain why he believes this to be the case, nor provide facts underpinning this theory.  *Id.* ¶ 70.  But "[p]lausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of the elements of a cause of action.'"  *See Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, Plaintiff does not allege facts, as opposed to conclusions, showing he engaged in a protected activity, as in, that CCT's alleged "discriminatory practices" were made unlawful by Title VII, or that Plaintiff had a reasonable belief CCT was engaged in an unlawful employment practice.  *See Moyo v. Gomez*, 32 F.3d 1382, 1384–85 (9th Cir.),

*amended by*, 40 F.3d 982 (9th Cir. 1994). Finally, the Court also notes it does not appear Plaintiff is alleging CCT is—or was—his employer for the purposes of Title VII.

Thus, the Court finds Plaintiff has failed to state a Title VII claim against CCT within his Fifth Cause of Action and **GRANTS** CCT's Motion to Dismiss as to this claim.

### C. *Eighth Cause of Action—Federal Retaliation*

Additionally, Plaintiff's attempt to bring claims against both Defendants for "retaliation" under unidentified federal law(s) in his Eighth Cause of Action, as currently pled, is insufficient to provide Defendants with fair notice of the nature of the claims and the facts underlying them as required by Rule 8(a). *See Henderson v. Marrow*, No. CV 10-04833 MMM (AGRx), 2011 WL 13217241, at *2 (C.D. Cal. Feb. 10, 2011); *see also Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 199 (9th Cir. 1996) (explaining even *pro se* pleadings "must [still] meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). Plaintiff both fails to provide the legal bases underpinning such claims and fails to delineate what allegations apply to which Defendant for which claim. In any event, to the extent Plaintiff seeks to bring a Title VII claim for retaliation against the City, the Court is persuaded that he has failed to state a such a claim as he has not alleged an employment or contractual relationship between Plaintiff and the City. *See Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) ("[T]here must be some connection with an employment relationship for Title VII protections to apply." (quoting *Lutcher v. Musicians Union Loc. 47,* 633 F.2d 880, 883 (9th Cir. 1980)).

And assuming CCT could be considered in such a relationship with Plaintiff—an issue the Court does not decide here, but noted above—to state a claim for retaliation, Plaintiff has not alleged facts, as opposed to vague and conclusory assertions, that (1) he engaged in a protected activity under Title VII; (2) CCT subjected Plaintiff to an adverse employment action; and (3) a causal link exists between the protected activity and the employer's action. *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

Accordingly, the Court finds Plaintiff's federal retaliation claims within his Eighth

Cause of Action must also be dismissed and **GRANTS** the City and CCT's Motions as to these claims.

### D.     Conclusion

The Court finds Plaintiff's FAC has failed to plead sufficient allegations to state a federal claim against either the City or CCT.  In light of this finding, the Court declines to reach the City and CCT's arguments that Plaintiff's claims are barred by the applicable statutes of limitations.  The City and CCT's Motions to Dismiss are thus **GRANTED** and the Court **DISMISSES** Plaintiff's First, Fifth, Eighth, and Tenth Causes of Action's federal claims.

## II.   The FAC's State Law Claims

The Court next addresses Plaintiff's remaining state law claims.  "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted).  As such, federal courts have jurisdiction over civil actions in which (1) a federal question exists, or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332.

As this case was removed based on federal question jurisdiction, *see* Notice of Removal, the now-dismissed federal law claims provide the sole bases for federal subject matter jurisdiction in this case.   While a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.,* 344 F.3d 931, 937–38 (9th Cir. 2003) (Section 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed).  A court, in considering whether to retain supplemental jurisdiction, should consider factors such as "economy, convenience, fairness, and comity."  *Acri v. Varian Assocs.,* 114 F.3d

999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted).  However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court,* 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by*, *Cal. Dep't of Water Res. v. Powerex Corp.,* 533 F.3d 1087 (9th Cir. 2008).

Here, the balance of factors weighs in favor of dismissing Plaintiff's remaining state law claims.  This case has yet to proceed beyond the pleadings, and thus few judicial resources are wasted by dismissing the case at this stage.  Further, dismissal promotes comity by allowing the California courts to interpret state law concerning the state law claims in the first instance.  Thus, the Court declines to exercise supplemental jurisdiction over the remaining state law claims—IIED, NIED, abuse of process, discrimination under California law, unspecified California Civil Code violation, breach of contract, gross negligence and malice claims—in Plaintiff's FAC.  *See Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state law claims under subsection (c)(3) once it has dismissed all claims over which it has original jurisdiction).

Accordingly, because the Court declines to exercise supplemental jurisdiction as to Plaintiff's state law claims, Plaintiff's state law claims against the City and CCT are **DISMISSED** without prejudice.  Consequently, the Court **DENIES** the City and CCT's respective Motions to Dismiss as to Plaintiff's state law claims as **MOOT**.[3]

/ / /

/ / /

---

[3] The City also requests the Court take judicial notice of Plaintiff's August 27, 2024 Government Claim and August 28, 2024 Amended Government Claim, to support its argument Plaintiff's state law claims are barred because Plaintiff failed to comply with the California Government Claims Act.  *See* Request for Judicial Notice ("RJN"), ECF No. 10-2.  Plaintiff does not appear to oppose the Request, however, as the Court does not rely on these documents in reaching its conclusion, the Court **DENIES AS MOOT** the City's Request for Judicial Notice (ECF No. 10-2).

### III.    Leave to Amend

The City again invites the Court to dismiss Plaintiff's FAC in its entirety without leave to amend, arguing that "Plaintiff has not cured any of the defects which caused his prior pleading to be dismissed."  City Mem. at 2.  The Court finds, however, that Plaintiff's FAC has added more allegations that, at minimum, attempt to address the defects previously identified by the Court.  Thus, considering Plaintiff's *pro se* status and the Court's obligation to construe such pleadings liberally, the Court does not find that it is "*absolutely clear* that no amendment can cure" the defects presented here.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (emphasis added).  As for the state law claims, the Court also finds leave to amend appropriate because Plaintiff "may be able to plead a federal cause of action that warrants the Court's exercise of supplemental jurisdiction."  *Win v. Salas*, No. 18-CV-00840-LHK, 2018 WL 3093464, at *6 (N.D. Cal. June 22, 2018).

The Court accordingly agrees with Plaintiff that he is entitled to another opportunity to amend to "clarify and enhance the factual allegations and legal claims, ensuring that the case is decided on the merits rather than procedural technicalities."  Opp'n ¶ 35.  So, the Court will grant Plaintiff leave to amend his FAC.

### CONCLUSION

For the reasons above, the Court **GRANTS** the City (ECF No. 10) and CCT's (ECF No. 11) Motions as to Plaintiff's federal claims and **DENIES AS MOOT** the City and CCT's Motions as to Plaintiff's state law claims.  The Court thus **DISMISSES** Plaintiff's First Amended Complaint **WITH LEAVE TO AMEND**.  Plaintiff has <u>thirty (30) days'</u> leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above.  Any amended complaint must be complete in and of itself without reference to the original or First Amended Complaint.  *See* S.D. Cal. CivLR 15.1.  Claims not realleged in the amended complaint will be considered waived.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived").  ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order***

24-CV-1295 JLS (BLM)

*dismissing this action*.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  June 25, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

24-CV-1295 JLS (BLM)