UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRYAN BRATT,

Plaintiff,

v.

CARLSBAD POLICE DEPARTMENT, et al.,

Defendants.

Case No.: 24-CV-1295 JLS (BLM)

**ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND AND (2) DENYING PLAINTIFF'S MOTION TO RE-TAX COSTS**

(ECF Nos. 46, 50)

Presently before the Court is Bryan Bratt's Motion to Remand (ECF No. 46), Carlsbad Community Theater and the City of Carlsbad's Responses in Opposition (ECF Nos. 47, 48), and Bratt's Reply (ECF No. 51). Also before the Court is Bratt's Motion to Re-Tax Costs (ECF No. 50), the City of Carlsbad's Response in Opposition (ECF No. 54), and Bratt's Reply (ECF No. 55).

**MOTION TO REMAND**

Bratt initially filed this case in California Superior Court. ECF No. 46 at 4. The Defendants then removed the case to this Court based on federal question jurisdiction. *Id.* at 5. After several rounds of Motions to Dismiss, the Court dismissed Bratt's federal-law claims with prejudice. *See* ECF No. 30. The Court then exercised its discretion under 28 U.S.C. § 1367(c)(3), declined to maintain jurisdiction over the remaining state law claims,

and dismissed those claims too. *Id.* Bratt brought the instant Motion, arguing that the state law claims should be remanded back to state court. *See generally* ECF No. 46.

The issue with Bratt's Motion is that there are no claims left to remand. The Court dismissed all of Bratt's claims and the case has since been closed. *See* ECF No. 30. The Court was under no obligation to remand the state law claims and was well within its power to dismiss them instead. *See Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) ("The court does have jurisdiction to entertain the supplemental claims, and normally the court may decline to exercise its jurisdiction, which will result in a dismissal without prejudice.").

Accordingly, Bratt's Motion to Remand is **DENIED** (ECF No. 46).

## MOTION TO RE-TAX COSTS

Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). The Ninth Circuit has approved of a few reasons for refusing to award costs, including the losing party's limited financial resources, misconduct on the part of the prevailing party, and the chilling effect of imposing high costs on future litigants. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). After the Clerk orders that costs be taxed, a party can move for the Court to re-tax those costs. *See* S.D. Cal. CivLR 54.1(h).

Here, the Clerk taxed costs in the amount of $439.47. ECF No. 49. Bratt makes four arguments for why costs should not have been taxed. Each of them fails.

### I. Carlsbad is a Prevailing Party Under Rule 54(d)(1)

First, Bratt argues that Carlsbad is not a prevailing party under Rule 54(d)(1). ECF No. 50 at 6–7. Not so. A prevailing party "is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum.*

*Res.*, 532 U.S. 598, 603 (2001). In other words, courts look at whether "there has been a 'material alteration of the legal relationship of the parties.'" *Miles v. State of California*, 320 F.3d 986, 989 (9th Cir. 2003) (quoting *Buchannon*, 532 U.S. at 603).

Applying this rule, costs may not be awarded under Rule 54(d)(1) where an underlying claim is dismissed for lack of subject matter jurisdiction because the dismissed party is not a prevailing party. *Id.* at 988. But here, the case was not dismissed for lack of subject matter jurisdiction. The Court dismissed the federal claims with prejudice under Rule 12(b)(6) and dismissed the state claims by declining to exercise jurisdiction over them. Even though Bratt can still pursue his state claims in state court, such a dismissal certainly alters the parties' legal relationship. *See Miles*, 320 F.3d 986 (finding that a defendant was a prevailing party under Rule 54(d)(1) when the case was dismissed without prejudice to plaintiff's right to seek relief in state court because the disposition was a material alteration in the legal relationship of the parties); *see also Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) ("[B]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case ... is clearly the prevailing party on the dismissed claims."); S.D. Cal. CivLR 54.1(f) ("The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a).").

**II. Bratt's Good Faith is Insufficient**

Bratt next argues that the Court should deny costs because his claims were nonfrivolous and brought in good faith. ECF No. 50 at 7–8. But this is just the bare minimum—all parties have an obligation to pursue their claims in good faith. *See* Fed. R. Civ. P. 11. Doing so does not rebut the presumption that Carlsbad is entitled to costs. *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) *overruled on other grounds by Ass'n of Mexican-Am. Educators*, 231 F.3d 572.

**III. Awarding Costs Would Not Have a Chilling Effect**

Third, Bratt claims that granting costs here would have a chilling effect on future litigants. ECF No. 50 at 8. The Ninth Circuit has expressly ratified this reason for denying

costs; but only when costs are *high*. *Champion Produce*, 342 F.3d at 1022. Here, the Court finds that an award of less than $500 is unlikely to have such an effect on future litigants.

**IV. Costs are Proper and Sufficiently Supported**

Bratt lastly contends that the costs awarded are either improper or insufficiently supported. ECF No. 50 at 9. Specifically, he argues that (1) removal costs are not properly taxable and (2) proof of copying costs was inadequate. Both assertions are incorrect.

As to removal costs, the Civil Local Rules set out several categories of costs that a prevailing party is entitled to and explicitly include costs for removed cases. S.D. Cal. CivLR 54.1(b)(10) ("In a case removed from the State Court, costs incurred in the State Court prior to removal must be recovered by the prevailing party in federal court.").

As to copying costs, the Local Rules require a "specific showing" of costs. Despite Bratt's argument to the contrary, the Court finds that Carlsbad has satisfied this standard. Its Memorandum of Costs provides a detailed explanation of what copies were made, how many were made, and why they were made. *See* ECF No. 32.

**CONCLUSION**

In light of the foregoing, the Court **DENIES** Bratt's Motion to Remand (ECF No. 46) and **DENIES** Bratt's Motion to Re-Tax Costs (ECF No. 50).

**IT IS SO ORDERED.** Dated: October 9, 2026

Hon. Janis L. Sammartino
United States District Judge